IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

GRETA WALLACE. TANYA RAEDISCH. and RYAN RAEDISCH,

      Plaintiffs,

v.                                                        No. CIV 00-952 BB/KBM

GREER ENTERPRISES, INC., a closely held New Mexico corporation, and ALEXIS GIRARD, President, CEO and shareholder of Greer Enterprises, Inc.,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## ON MOTION TO DISMISS

THIS MATTER is before the Court on Defendants' motions to dismiss the complaint or alternatively stay discovery and the Plaintiffs' motion to strike the motions to dismiss or convert them to summary judgment. After reviewing the submissions of the parties, Defendants' motions will be Granted in Part and discovery should proceed on the remaining claim.

*Discussion*

Plaintiffs, Greta Wallace, Tanya Raedisch, and Ryan Raedisch, are minority shareholders in Greer Enterprises, Inc. On January 22, 2000, Plaintiffs served a demand letter upon the Board of Directors of Greer Enterprises. In the demand letter, Plaintiffs asked that the Board investigate and rectify corporate waste and dissipation of corporate assets. Specifically, Plaintiffs demanded that an independent investigator evaluate the corporation's lease of the Lensic Theater, as well as conflicts of interest, ongoing attempts to freeze out and squeeze out shareholders, misuse of corporate funds, refusal to pay fair market value for Plaintiffs' shares, waste and reduction of corporation assets, and the prevention of shareholders from participating in the operation and management of the corporation. Plaintiffs also demanded an opportunity to review pertinent corporate books and records regarding these allegations of mismanagement. In response to Plaintiffs' demands, Defendants employed Albuquerque attorney John Boyd as an independent investigator and offered to make available the corporate books.

Plaintiffs initiated this lawsuit by filing a "Complaint for Corporate Oppression" on July 3, 2000. In separate pleadings, both Defendants moved to

dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to comply with the demand requirements of the derivative action requirements of Federal Rule of Civil Procedure 23.1.  Alternatively, Defendants moved to stay discovery pending completion of the investigation undertaken by Mr. Boyd.  Plaintiffs' response to the Defendants' motion to dismiss was a motion to strike the motion or, since Defendants submitted various affidavits with their motion, to hold Defendants' motion until the completion of discovery and treat it as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

      The focus of the dispute at this stage is whether, in spite of its caption, Plaintiffs' complaint is really a derivative shareholders action subject to the requirements of Rule 23.1. Initially, it must be noted that a close family corporation, such as Greer Enterprises, is often corporate in form but more analogous to a partnership in terms of the personal relationships and practical operation of the business.  *See* Robert B. Thompson, *The Shareholder's Cause of Action for Oppression*, 48 Bus. Law. 699, 705-6 (1993).  That appears to be the case in the present situation as the shareholders are primarily the children of his two marriages along with other relatives of the late Nathan Greer.  Compl. at ¶ 8.

Moreover, there are restrictions preventing the sale of the corporate stock to outsiders. "In closely held corporations involving family members, courts have normally given considerable weight to the hostility existing between family members and its effect upon the minority shareholder's ability to have an effective voice in the running of the corporation." *McCauley v. Tom McCauley & Son, Inc.*, 724 P.2d 232, 238 (N.M. App. 1986).

On the other hand, as Defendants point out, "Plaintiffs cannot sue a director or other corporate officers for mismanagement on a cause of action belonging to the corporation. *See Schwartzman v. Schwartzman Packing Co.*, 659 P.2d 888, 893 (N.M. 1983)." Girard Mem. at 4. "A plaintiff seeking to assert the rights of the corporation must comply with the requirements of Rule 23.1." *Id.*[1] Therefore, the allegations of the complaint which are derivative are subject to Defendants' motion. *Blocker v. Meehan*, 1989 U.S. Dist. LEXIS 8562 (D. Kan. 1989). While it would be possible to view Plaintiffs' January 22nd letter as compliance with the demand requirement of Rule 23.1, "[b]y choice, Plaintiffs' complaint does not allege a shareholder derivative action as a cause of action."

---

[1] While there may be a question as to whether the demand requirement is substantive or procedural under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), it is irrelevant since Rule 1-023.1 SCRA is identical to Federal Rule of Civil Procedure 23.1 and would require the same demand under New Mexico law.

Pls.' Mem. Mot. Strike at 3. In parsing out the various allegations of Plaintiffs' complaint, it is clear they have stated a claim for corporate oppression as recognized in NMSA 1978 § 53-16-16 (1993 Repl. Pamp.) which is patterned on Model Business Corporation Act § 97 (now § 14.30). Unfortunately, the complaint also contains other allegations which could only be maintained by shareholders in their derivative capacity.

Plaintiffs allege Defendant Girard and others in control of Greer Enterprises "continue to engage in illegal, oppressive and fraudulent conduct." Compl. at 18. Defendants correctly point out that while such allegations track *McCauley*, they are vague and conclusory. Plaintiffs, however, continue alleging that Defendants' conduct "is a departure from the standards of fair dealing and which inures to the benefit of the majority shareholders to the detriment of the minority shareholder." *Id.*[2] They provide the following examples of Defendants' conduct as providing a foundation for a direct action:

> a. have attempted to freeze-out and squeeze out the Plaintiffs and other shareholders;

---

[2] Defendants correctly note that technically there is no majority shareholder, so all shareholders are "minority" shareholders. In context, the Court reads Plaintiffs' claim to be against those in control of the corporation and therefore, collectively, the majority.

> b. have reneged on their agreement to pay a fair market price for the shares held by the Plaintiffs ....

This conduct would result in a direct and distinct injury to the minority shareholders rather than damage merely through their general status as corporate shareholders. *See Grogan v. Garner*, 806 F.2d 829 (8th Cir. 1986); *Lochead v. Alacano*, 697 F. Supp. 406 (D. Utah 1988). *See also* PRINCIPLES OF CORPORATE GOVERNANCE § 7.01 (Am. L. Inst. 1994). The other examples provided by Plaintiffs' complaint are injuries not to them individually, but rather to Greer Enterprises, in which Plaintiffs would share only derivatively, to wit:

> d. have repeatedly engaged in self-dealing and transactions in which they have significant conflicts of interest to their own benefit at the expense of the corporation, Plaintiffs and other minority shareholders;
>
> e. have leased and transferred holdings of the corporation without fair compensation for the purpose of furthering their own interests to the detriment of the corporation, Plaintiffs and other minority shareholders; and
>
> f. have repeatedly acted to prevent the Plaintiffs and other minority shareholders from participating in the operation and management of the corporation; and
>
> g. have otherwise caused the assets of the corporation to be dissipated, lost, alienated,

>**misapplied and wasted to the detriment of he Plaintiffs and other minority shareholders.**

*See Schwartzman*, 659 P.2d at 888; *DiIaconi v. New Cal Corp.*, 643 P.2d 1234 (N.M. App. 1982); *Baker v. Pratt*, 222 Cal. Rept. 253 (Cal. App. 1986).  *See generally* John W. Welch, *Shareholder Individual and Derivative Actions: Underlying Rationales and the Closely Held Corporation*, 9 J. Corp. L. 147, 150-2 (1984). Similarly, as to the allegation that Defendants have spun-off assets and pressured "others to sell their shares to Greer at drastically reduced prices falling far below the fair market value of the stock," if Plaintiffs are injured at all, it is derivatively. *Cf. Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 365 (1966) (corporate attempt to buy its own stock proper derivative action).

In conclusion, New Mexico law, as adopted from the Model Business Corporation Act, permits a direct cause of action where the minority shareholders of a close corporation have been uniquely harmed through the oppressive use of power by the majority.  Plaintiffs' complaint sets forth at least two examples of such a claim.  It does not, however, permit such minority shareholders to challenge misuses of corporate power which are alleged to cause harm to the corporation, or all shareholders equally, without complying with the dictates of

7

Federal Rule of Civil Procedure 23.1. To the extent Plaintiffs' complaint sets forth claims based on such derivative damages, it fails.

## O R D E R

For the above stated reasons, Defendants' motion to dismiss is GRANTED insofar as Plaintiffs seek damages properly accruing to Greer Enterprises or its shareholders, but DENIED insofar as Plaintiffs seek to recover for oppressive conduct directed exclusively toward them. Discovery may proceed as to the latter claims.

Dated at Albuquerque this 15th day of December, 2000.

**BRUCE D. BLACK**
United States District Judge

**Counsel for Plaintiffs:**
    Victor R. Marshall, Diane P. Donaghy, Albuquerque, NM

**Counsel for Defendants:**
    James O. Browning, Cerianne L. Mullins, Albuquerque, NM, for Greer
    John G. Baugh, C. Shannon Bacon, Albuquerque, NM, for Girard